# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS WILLIAM HUBBELL,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 1:24-cv-00613-SAB<br>ORDER GRANTING PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)<br>(ECF No. 19) |

Petitioner Francesco Benavides ("Petitioner"), attorney for Nicholas William Hubbell ("Plaintiff"), filed the instant motion for attorney's fees. (ECF No. 19.) Petitioner requests fees in the amount of $31,000.00 pursuant to 42 U.S.C. § 406(b). Petitioner also requests that he be directed to reimburse Plaintiff the Equal Access Justice Act ("EAJA") fee in full, $6,600.00.

Plaintiff did not file an opposition or otherwise respond to the motion for attorney's fees, and the time to do so has passed. Defendant Commissioner of Social Security, as a de facto trustee for Plaintiff, filed a response to Petitioner's motion, in which he asserts he neither supports nor opposes Petitioner's request for attorney's fees, but observes that the Court should direct Petitioner to reimburse Plaintiff any fees he previously received under the EAJA. (ECF No. 21.)

/ / /

/ / /

# I.

# BACKGROUND

On April 15, 2024, Plaintiff entered into a contingent fee agreement with Petitioner Francesco Benavides. (ECF No. 19-3.) The agreement entitled Petitioner to an award of 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision. (Id.)

On May 22, 2024, Plaintiff filed a complaint challenging the denial of social security benefits. (ECF No. 1.) Following Plaintiff filing a brief in support of reversing and remanding the final decision of the Commissioner (ECF No. 10), the parties filed a stipulation for voluntary remand for further proceedings pursuant to Sentence Four of 42 U.S.C. 405(g). (ECF No. 14.) On October 1, 2024, the Court approved the stipulation, ordered that the final decision was reversed and remanded, and directed the Clerk of the Court to enter judgment in favor of Plaintiff. (ECF Nos. 15, 16.)

On October 23, 2024, the parties filed a stipulation for an award of attorney's fees in the amount of $6,600.00 under the EAJA, 28 U.S.C. § 2412(d), and $405.00 in costs under 28 U.S.C. § 1920, which the Court approved. (ECF Nos. 17, 18.)

In the instant motion, Petitioner seeks an award of attorney's fees in the amount of $31,000.00, pursuant to 42 U.S.C. § 406(b) and an order to reimburse Plaintiff the amount previously awarded under the EAJA, $6,600.00. (ECF No. 19.)

# II.

# LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v.

Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). The twenty-five percent maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. Gisbrecht, 535 U.S. at 808-09. The attorney has the burden of demonstrating that the fees requested are reasonable. Id. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA. Id. at 796. The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met his burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

### A. Attorney Fees Under 42 U.S.C. § 406(b)

The Court begins with Plaintiff's agreement to pay 25 percent of the past-due benefits awarded upon reversal of any unfavorable ALJ decision. (ECF No. 19-3.) Petitioner ultimately secured $106,407.00 in retroactive benefits on Plaintiff's behalf, and $55,356.00 in past-due auxiliary benefits for Plaintiff's minor child. (ECF No. 19-1, pp. 2, 10.) Petitioner now seeks an award of $31,000.00 in attorney's fees pursuant to 42 U.S.C. § 406(b), which is less than 25 percent. (ECF No. 19.) From a broad lens, the $31,000.00 fee is not excessively large in relation

to the past-due award of $161,763.00[1].

The Court recognizes the contingent nature of this case and counsel's assumption of the risk of going uncompensated. Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). In support of the instant motion, Petitioner submitted a time log reflecting 26.5 hours expended litigating this action. (ECF No. 19-4.) The hours include reviewing documents and the administrative record, correspondence, legal research, and drafting the opening brief. (Id.) Taking $31,000.00 as the award, Petitioner notes that the hourly rate would be approximately $1,169.81 and is in the range of reasonable attorney's fees. (ECF No. 19, p. 4.) Petitioner directed the Court to several cases in support of this hourly rate. For example, in Biggerstaff v. Saul, the Ninth Circuit affirmed an award of attorney's fees at an hourly rate of $1,400.00. 840 F. App'x. 69, 71 (9th Cir. 2020). Similarly, in Robles v. Saul, the Ninth Circuit approved an hourly rate of $1,145.00 as reasonable for attorney's fees. 831 Fed. App'x 272, 273 (9th Cir. 2020). The Court finds these cases instructive and agrees that the effective hourly rate requested here falls within the range of reasonable fees.

Further, the Court finds no indication that a reduction of fees is warranted based on substandard performance. Crawford, 586 F.3d at 1151. Petitioner is an experienced, competent attorney who ultimately secured a successful result for Plaintiff. (ECF No. 19-2; see also ECF No. 19, p. 6, ¶ 7.) Although this action has been pending since 2024, there is no indication that Petitioner was responsible for the delay in the proceedings that would indicate any undue accumulation of past-due benefits. Indeed, this action was before the Court only briefly before the parties stipulated to remand.

In sum, Petitioner's requested attorney's fees in the amount of $31,000.00 is less than 25 percent of the past-due benefits awarded and is not excessive in relation to the past-due awards. The Court is cognizant that neither Plaintiff nor the Defendant oppose the award of fees as unreasonable. Petitioner also assumed the risk of receiving no compensation. (ECF No. 19-3.) The Court finds the fee amount requested is reasonable in light of the several years of litigation

---

[1] The Court calculates this sum by adding Plaintiff's past-due award of $106,407.00 and his minor child's past-due award of $55,356.00.

and the result achieved, as well as the lack of any evidence suggesting either dilatory conduct or a windfall to Petitioner. Accordingly, the Court finds that the requested fee of $31,000.00 is reasonable.

**B. EAJA Refund**

"[A]n award of attorney's fees under § 406(b) does 'not prevent an award of fees and other expenses under' the EAJA, but 'where the claimant's attorney receives fees *for the same work* under both' § 406(b) and the EAJA, then 'the claimant's attorney refunds to the claimant the amount of the smaller fee." Castillo v. Kijakazi, No. 5:20-CV-02347-KES, 2023 WL 12090215, at *5 (C.D. Cal. June 8, 2023) (emphasis in original) (quoting Public Law No. 99-80, 99 Stat. 183 (1985)).

Both Petitioner and Defendant request that the Court direct Petitioner to reimburse Plaintiff the entirety of fees he previously received under the EAJA. (ECF Nos. 19, 21.) The Court agrees and will order that Petitioner refund Plaintiff the entire amount of the EAJA fees previously awarded: $6,600.00. See Gisbrecht, 535 U.S. at 796.

**VI.**

**CONCLUSION AND ORDER**

For the reasons stated above, the Court finds that the fees sought by Petitioner pursuant to Section 406(b) are reasonable. Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $31,000.00 (ECF No. 19) is GRANTED; and
2. Petitioner is ORDERED to refund $6,600.00 to Plaintiff Nicholas William Hubbell as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d).

IT IS SO ORDERED.

Dated: **July 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge